# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHAZ PINKSTON**                                                                    **PLAINTIFF**

**V.**                                                                                 **NO. 4:17-CV-39-DMB-DAS**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.**                                               **DEFENDANTS**

# ORDER

This prisoner civil rights action is before the Court for sua sponte reconsideration of United States Magistrate Judge David A. Sanders' September 13, 2017, order denying Chaz Pinkston's motion for entry of default. Doc. #38.

## I
## Procedural History

On or about March 24, 2017, Chaz Pinkston, acting pro se, filed a complaint in this Court. Doc. #1. The complaint names as defendants the Mississippi Department of Corrections and various individuals, including Keba Taylor.

On August 14, 2017, following a *Spears* hearing, United States Magistrate Judge David A. Sanders issued an order stating, in relevant part:

> Counsel for the Mississippi Department of Corrections ("MDOC") has agreed to accept service of process on behalf of Defendants. A responsive pleading is due on behalf of the defendants by September 5, 2017. Should counsel accepting service demonstrate that he cannot represent the defendant, he must notify the court immediately of the defendant's last known address so the court may effect process upon that defendant under 28 U.S.C. § 1915(d).

Doc. #16 at 1 (emphases omitted).

Taylor did not file an answer by September 5, 2017. On or about September 6, 2017, Pinkston filed against Taylor a motion seeking entry of default and a motion for default judgment.

Doc. #35; Doc. #36. On September 13, 2017, Taylor, without seeking leave of the Court, filed an untimely answer. Doc. #37. The same day, Judge Sanders issued an order denying Pinkston's motion for entry of default on the ground that this Court likely would not grant a default judgment because Taylor filed an answer and because the Prison Litigation Reform Act does not allow for entry of a default judgment. Doc. #38.

## II
## Analysis

Pursuant to Federal Rule of Civil Procedure 54(b), "any order … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Orders regarding entry of default, as opposed to entry of default judgment, are subject to this rule. *See generally City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (entry of default is interlocutory act).

The Court concludes that Judge Sanders' order denying Pinkston's motion for entry of default against Taylor must be modified. As an initial matter, "[p]rovided the request for entry of default complies with the procedural requirements of Rule 55(a) … the Rule's mandatory language vests no discretion … regarding whether a default can be entered." *In re Galan*, 522 B.R. 744, 751 (W.D.N.Y. 2014) (quotation marks omitted). Rule 55(a), in turn, directs that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." There is no dispute that Pinkston's motion for entry of default established that Taylor failed to plead or otherwise defend Pinkston's complaint. It therefore was improper to deny Pinkston's motion for entry of default against Taylor.

Even if the propriety of default judgment could justify denial of entry of default, it would

2

not do so in this case.  While it is true that the Prison Litigation Reform Act ordinarily precludes entry of default judgment, default judgment is allowed under the Act where, as here, a defendant has been ordered to answer by a certain date and fails to do so.  *See Adams v. Smith*, No. 3:13-cv-985, 2014 WL 811992, at *2–3 (S.D. Ill. Mar. 3, 2014) (citing 42 U.S.C. § 1997(g)(2)); *see also Steele v. Wetzel*, No. 14-4823, 2015 WL 7730938, at *2 (E.D. Pa. Nov. 6, 2015) ("Plaintiff is subject to the PLRA, and the Court may not enter default judgment against Defendant Ganues *unless he failed to follow a court order requiring him to respond to the Complaint*.") (emphases added); *Halpin v. David*, No. 4:06-cv-457, 2008 WL 5663943, at *2 (N.D. Fla. Dec. 8, 2008) ("Defendants have not presented any case law to support the argument that § 1997e(g) immunizes a Defendant from a default after being ordered to respond.").  Furthermore, in the absence of a motion to set aside default or a response to Pinkston's motion for default judgment, this Court cannot determine whether default judgment would in fact be denied.

Accordingly, Judge Sanders' September 13, 2017, order [38] is **VACATED**.  The Clerk of the Court is **DIRECTED** to enter default against Taylor.  Within fourteen (14) days of this order, Taylor may file a response to Pinkston's motion for default judgment and/or file a motion to set aside default.

**SO ORDERED**, this 3rd day of January, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**