IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHAZ PINKSTON**     **PLAINTIFF**

**V.**     **NO. 4:17-CV-39-DMB-DAS**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.**     **DEFENDANTS**

## ORDER

This prisoner civil rights action is before the Court on Chaz Pinkston's motion for default judgment, Doc. #36; and Keba Taylor's motion to set aside default, Doc. #81.

### I
### Procedural History

On or about March 24, 2017, Chaz Pinkston, acting pro se, filed a complaint in this Court, naming as defendants the Mississippi Department of Corrections and various individuals, including Keba Taylor. Doc. #1.

On August 14, 2017, following a *Spears* hearing, United States Magistrate Judge David A. Sanders issued an order stating, in relevant part:

> Counsel for the Mississippi Department of Corrections ("MDOC") has agreed to accept service of process on behalf of Defendants. A responsive pleading is due on behalf of the defendants by September 5, 2017. Should counsel accepting service demonstrate that he cannot represent the defendant, he must notify the court immediately of the defendant's last known address so the court may effect process upon that defendant under 28 U.S.C. § 1915(d).

Doc. #16 at 1 (emphases omitted).

Taylor did not file an answer by September 5, 2017. On or about September 6, 2017, Pinkston filed against Taylor a motion seeking entry of default and a motion for default judgment. Doc. #35; Doc. #36. On September 13, 2017, Taylor, without seeking leave of the Court, filed an

untimely answer.  Doc. #37.  The same day, Judge Sanders issued an order denying Pinkston's motion for entry of default on the ground that this Court likely would not grant a default judgment because Taylor filed an answer and because the Prison Litigation Reform Act does not allow for entry of a default judgment.  Doc. #38.

On January 3, 2018, this Court vacated Judge Sanders' order and directed the Clerk of the Court to enter default against Taylor.  Doc. #79.  The Clerk entered default the same day.  Doc. #80.  Six days later, Taylor filed a motion to set aside default.  Doc. #81.  Pinkston responded in opposition to the motion.  Doc. #89.  Taylor did not reply.

## II
## Analysis

Taylor argues that the default should be set aside because, contrary to Judge Sanders' earlier order, his counsel "never agreed to accept service of process on behalf of the Defendants in this action." Doc. #82 at 1.  Taylor further argues that "even if counsel had agreed to accept service of process, … no process has been issued to be accepted." *Id*.  Finally, Taylor contends that the default should be set aside because the failure to answer was not willful. *Id*. at 5.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause."  Insufficient service of process constitutes good cause to set aside an entry of default.  *See, e.g., Saucier v. United States*, No. 1:13-cv-82, 2014 WL 1783070, at * 3–4 (S.D. Miss. May 5, 2014) (setting aside default for insufficient service of process); *Francois v. Parish*, No. 14-338, 2014 WL 4954643, at *2 (E.D. La. Oct. 2, 2014) (same).  Pinkston, in his response to Taylor's motion, does not dispute that service of process was never issued or served but argues that Taylor "admit[ted]" to the default by arguing that the failure to answer was not willful.  Doc. #90 at 1–2.

2

Upon consideration, the Court concludes that Taylor was not properly served with process and that, therefore, the entry of default should be set aside. In reaching this conclusion, the Court rejects Pinkston's unsupported argument that Taylor's argument regarding willfulness abrogated the service requirement. Accordingly, Taylor's motion to set aside default [81] is **GRANTED**. Having concluded that the default should be set aside, Pinkston's motion for default judgment [36] premised on Taylor's alleged default is **DENIED**.

**SO ORDERED**, this 5th day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**