IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHAZ PINKSTON                                                                                    PLAINTIFF

V.                                                                                  NO. 4:17CV39-DMB-DAS

DR. KUIPER                                                                                      DEFENDANT

**ORDER**

Comes now the Court, *sua sponte*, upon consideration Plaintiff's late-filed notice of his desire for a jury trial.

**Background**

Plaintiff Chaz Pinkston initiated the instant lawsuit in March 27, 2017. *See* Doc. #1. In his initial complaint, Plaintiff did not request a jury trial. The court held a *Spears* hearing in August 2017, and following that hearing, it issued a scheduling order setting this cause for an evidentiary hearing. *See* Doc. #16. Defendants filed answers in this case from August 30, 2017, through October 2, 2017. *See* Docs. #26, #27, #29-#31, #37, #44-46. The case proceeded through the normal stages of litigation, and in December 2017, Defendants filed a motion for summary judgment. *See* Docs. #65 & #66. Because the motion for summary judgment remained pending near the original evidentiary hearing date, the hearing was reset for June 4, 2018. *See* Doc. #112. The summary judgment was still not resolved in May 2018, and the court granted Defendants' request to continue the hearing until a ruling could be rendered on the summary judgment motion. *See* Docs. #122 & #123.

On June 5, 2018, Plaintiff filed a motion for subpoenas. *See* Doc. #127. In that motion, he stated, for the first time in this litigation, his intention to "affirm[] that he wants a publicly open jury trial." *Id*. at 2. Approximately one month later, on July 9, 2018, Plaintiff filed a

motion requesting an evidentiary hearing. *See* Doc. #128. On July 25, 2018, the court entered an order granting summary judgment to all Defendants except Dr. Kuiper. *See* Doc. #129. On August 2, 2018, the court reset Plaintiff's evidentiary hearing for July 7, 2018. *See* Doc. #130.

On August 3, 2018, after the summary judgment motions were resolved, the court entered an order addressing Plaintiff's requests for subpoenas and an evidentiary hearing. *See* Doc. #131. The court denied Plaintiff's motion for subpoenas and dismissed the request for an evidentiary hearing as moot, noting that a hearing had already been reset by the court. *Id*. In a footnote, the court stated:

> In his motion for subpoenas, Pinkston noted that he wished to confirm his request for a "publicly open jury trial," which is his first request that his case be heard by a jury. [] Due to his subsequent motion requesting an evidentiary hearing, however, the Court assumes that Pinkston intended only for the Court to set a hearing where his claims would be addressed in open court.

*Id*. at n.1

On August 17, 2018, Plaintiff submitted a letter to the court. *See* Doc. #141. In that letter, Plaintiff stated that the court misunderstood his subpoena requests and noted that since he had requested the subpoenas in a letter, not a motion, he did not know that it would be considered as a motion. *Id.* at 1. He also stated that he did not know that he had to request a jury trial until he sought legal services in May 2018. *Id*. at 2. In response, the Clerk sent Plaintiff a letter advising him that any "[d]ocuments filed with the court must be in the form of a formal pleading," and to refrain from filing letters and correspondence, as those would not be reviewed by a judge as part of his case. *See* Doc. #144. Subsequently, Plaintiff has filed several different motions seeking relief. However, he has not filed a motion requesting the court set a jury trial.

**Discussion**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a plaintiff must make his demand for a jury trial within fourteen days of the date the defendant's answer is filed. *See* Fed. R. Civ. P. 38(b). In this case, Plaintiff failed to make a timely demand, and therefore, he has waived his right to demand a jury trial. Here, Plaintiff waited several months after Defendants filed an answer and only then mentioned a jury trial in a letter to the Clerk. Thereafter, Plaintiff failed to properly file a motion requesting a jury trial even after being instructed that he must file a motion for his request to receive consideration. Accordingly, the court does not know whether Plaintiff has abandoned his desire for a jury trial or whether he has merely failed to follow the court's orders. Regardless, the court finds that Plaintiff had numerous opportunities to properly request a jury trial and has failed to do so, and therefore, the court explicitly finds that any request by Plaintiff for a jury trial at this late stage of the proceedings is **DENIED** as improperly filed and untimely.

**Conclusion**

The Court finds that no public jury trial should be ordered in this matter, and that this case should proceed to evidentiary hearing.

**SO ORDERED**, this 20th day of November, 2018.

/s/ David Sanders
UNITED STATES MAGISTRATE JUDGE