IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHAZ PINKSTON                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 4:17-CV-00039-DMB-DAS

DR. KUIPER                                                                                       DEFENDANT

ORDER

This matter comes before the court upon Plaintiff Chaz Pinkston's motion for reconsideration of the court's June 7, 2019, order denying Plaintiff's motion for leave to file and motion for contempt and the court's October 8, 2019, orders denying Plaintiff's motion for reconsideration and motion for leave to file a rebuttal. Docs. #223, #235, #236.

Relevant Procedural History

On or about March 24, 2017, Chaz Pinkston filed a *pro se* complaint challenging the conditions of his confinement pursuant to 28 U.S.C. § 1983. Doc. #1. On July 25, 2018, the Court entered an order dismissing Pinkston's claims against all Defendants except for those asserted against Dr. Kuiper. Doc. #129.

An evidentiary hearing was held on May 23, 2019, to determine whether Pinkston was involuntarily medicated in violation of his constitutional rights while housed at the Mississippi State Penitentiary. *See* Doc. #215. Pinkston, an inmate currently housed at Wilkinson County Correctional Facility, refused to attend the hearing. Defendant Dr. Kuiper, represented by counsel, appeared, gave testimony, and entered two exhibits in to evidence. Following the evidentiary hearing, on June 4, 2019, Pinkston filed motions for leave to file and for contempt of court. Docs. # 220, #221.

On June 6, 2019, the undersigned issued a Report and Recommendation, recommending that judgment be entered in favor of Dr. Kuiper, and that he be dismissed from this action with

prejudice. Doc. #222. The court denied Pinkston's motion for leave to file and for contempt of court on June 7, 2019, advising Pinkston that he could file an objection to the court's report and recommendation if he was dissatisfied with the court's conclusion. Doc. #223.

On June 18, 2019, Pinkston filed motions for leave to file and for reconsideration of the court's order denying his motion for contempt of court. Docs. # 227, #228. On June 24, 2019, Pinkston moved for leave to file and simultaneously filed an objection to the report and recommendation. Docs. # 229, 230. After Dr. Kuiper filed his response, Pinkston moved for leave to file a rebuttal in support of his objection. Doc. #233. On October 8, 2019, the court entered orders granting Pinkston's motion for leave to file but denying his motion for reconsideration, and granting Pinkston's motion for leave to file an objection but denying him leave to file a rebuttal. Docs. #235, # 236.

On October 30, 2019, Pinkston filed a "motion to appeal court orders to 5th Circuit Federal Court of Appeals"—in which he seeks *to appeal* the court's orders denying his motions for leave to file a motion for contempt, contempt, reconsideration, and leave to file a rebuttal—which the court construes as a motion for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Doc. # 240.

Analysis

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders . . . ." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Under Rule 54(b):

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

> Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts . . . frequently apply the same standards to the two.

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

Under Fifth Circuit jurisprudence:

> A rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations and alterations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

Pinkston fails to identify any manifest error of law or fact nor does he present any newly discovered evidence. Instead, his motion consists only of the same arguments previously considered and rejected by the court, and repeated conclusory assertions that the court erred in denying his requests for relief. Beyond these, Pinkston offers absolutely no substantive argument as to why reconsideration is warranted. Accordingly, Pinkston's motion [240] is hereby **DENIED**.

**SO ORDERED** this, the 5th day of November, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE