IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHAZ PINKSTON                                                                                          PLAINTIFF

V.                                                                                          NO. 4:17-CV-39-DMB-DAS

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.                                                                              DEFENDANTS

**ORDER**

During an October 15, 2020, evidentiary hearing, this Court addressed Hendrick Kuiper's motion to strike. Doc. #286. This order memorializes and clarifies the Court's rulings.

**I**
**Background**

On September 21, 2020, this Court issued an order directing the parties to submit proposed witness lists for the October 15, 2020, evidentiary hearing on the only remaining claim in this case—Chaz Pinkston's forcible medication claim against Hendrick Kuiper. Doc. #277. On or about September 30, 2020, Pinkston filed a motion for leave to file his witness list for the October 15, 2020, hearing in this case. Doc. #283. The proposed witness list was included with his motion. *Id.* at PageID #3372–73. On October 5, 2020, this Court, explaining that Pinkston had filed his witness list before the deadline, denied the motion for leave as moot. Doc. #284.[1] Three days later, Kuiper filed a motion to strike Shaira Thames from Pinkston's witness list.[2] Doc. #286.

**II**
**Analysis**

While Kuiper's motion is titled as a motion to strike, it is in substance a motion "to exclude

---

[1] Consistent with the Court's order, Pinkston's witness list was filed as a separate docket entry. Doc. #288.

[2] The certificate of service states Pinkston was served with the motion by mail sent October 8. Doc. #286 at PageID #3383. Pinkston advised during the October 15 hearing that he had not yet received the motion.

any expert testimony offered by Mrs. Thames." Doc. #286 at PageID #3378. The Court will, therefore, treat it as such. *See Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1119 (9th Cir. 2005) ("[W]e must look beyond the motion's caption to its substance.").

Pinkston's witness list identifies as a may call witness, "Shaira Thames, Plaintiff's Sister and A Licensed Nurse." Doc. #288 at 2. Pinkston represents that "Thames will testify to the severity of the side-effects of antipsychotic drugs, Plaintiff's character and mental state before during [and] after the forced injections, and other facts proving the merits of Plaintiff's claim." *Id*. Kuiper argues the identification of Thames is untimely because the initial deadline to identify witnesses was November 7, 2017. Doc. #286 at PageID ##3379–80. Kuiper further argues that to the extent Thames will testify as an expert witness, her testimony must be excluded because Pinkston failed to comply with the expert disclosure requirements of Rule 26. *Id*. at PageID #3381.

### A. Timeliness

It is true that, pursuant to an August 14, 2017, scheduling order, the parties were required to file witness lists by November 7, 2017. Doc. #16 at 2. It is also true that Pinkston's initial witness list did not disclose Thames as a witness. *See* Doc. #57. However, this Court, in its September 21 order, extended the witness list deadline.[3] Doc. #277. Because it is undisputed that Pinkston filed his revised witness list by the extended deadline, the addition of Thames to the

---

[3] To the extent the September 21 order modified the witness list deadline established by the scheduling order, such modification must have been supported by good cause. *See* Fed. R. Civ. P. 16(b). The existence of good cause under Rule 16 is evaluated under four factors: (1) the reason for the modification; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure any such prejudice. *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). Kuiper does not argue that the extension of the witness list deadline was unsupported by good cause. Indeed, Kuiper has taken advantage of a separate modification of the scheduling order—an extension of the deadline to disclose exhibits. Kuiper's recently filed exhibit list includes documents not disclosed in his initial exhibit list. *Compare* Doc. #287 *with* Doc. #56. Regardless, the modification of the witness list deadline was supported by good cause because nearly two years had passed since the initial disclosure, during which time the parties engaged in discovery and two separate evidentiary hearings. Furthermore, any prejudice from the extension could have been cured by a continuance, which neither party has sought.

witness list was not untimely and the motion to strike is denied in this respect.[4]

## B. Expert Disclosure

The expert disclosure requirements of Federal Rule of Civil Procedure 26 apply to cases brought under the Prison Litigation Reform Act. *Plata v. Brown*, 754 F.3d 1070, 1077 (9th Cir. 2014). Federal Rule of Civil Procedure 26 governs discovery in federal court. Regarding experts, Rule 26(a)(2)(A) requires that "a party must disclose … the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Rule 26(a)(2)(B) mandates that the disclosure be accompanied by an expert report. If the witness is not a retained expert, a party need only provide "the subject matter on which the witness is expected to present" expert testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Of relevance here, "someone may be a witness not required to produce a report as to portions of his testimony and simultaneously deemed a retained or specially employed expert who is subject to Rule 26(a)(2)(B) as to other portions." *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013).

Federal Rule 37 serves as an enforcement mechanism for Rule 26's disclosure requirements, providing that "[i]f a party fails to provide information or identify a witness as required by Rule 26 … the party is not allowed to use that information or witness to supply evidence." In seeking sanctions under Rule 37, "[t]he moving party bears the burden of showing that its adversary failed … to [timely] disclose information required by Rule 26." *In re Sept. 11th*

---

[4] The Court notes that expert disclosures are ordinarily subject to separate deadlines. However, no expert disclosure deadline was set in this case.

*Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). If the movant satisfies its initial burden, the non-disclosing party must show that its failure to disclose was either substantially justified or harmless. *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) ("Appellants provided no explanation for their actions. Therefore, … the district court clearly did not abuse its discretion by excluding the testimony …."); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) ("The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless.").

When an "expert is part of the ongoing sequence of events and arrives at his … opinion during [the events], his opinion testimony is not that of a retained or specially employed expert." *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011). In contrast, if "the expert comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B)." *Id.* Under this standard, "a Rule 26(a)(2)(B) designation is only warranted when an expert will give an opinion based on facts beyond those observed in the expert's non-retained role." *Cooper v. Meritor, Inc.*, No. 4:16-CV-52, 2018 WL 2451833, at *6 (N.D. Miss. May 31, 2018).

Kuiper argues that because Thames was not treating Pinkston during the relevant time, she is necessarily a retained expert and Pinkston's failure to produce a report requires exclusion of her testimony. Doc. #286 at PageID #3381. Kuiper is correct that Pinkston failed to produce an expert report for Thames. Furthermore, Pinkston has not yet advanced any argument that his failure to produce the expert report was either substantially justified or harmless. Accordingly, consistent with Rule 37, Thames may not testify as a retained expert. However, Kuiper is incorrect that Thames cannot qualify as a non-retained expert for portions of her testimony.

At the hearing, Pinkston represented that Thames "gave [him] advice as far as what treatment goes along with [his] diagnosis, and what treatment that [he] should confer with the psychiatrist about." To the extent Thames will testify to facts learned or opinions developed in the course of these consultations, her testimony is in the nature of a treating physician and not a retained expert which would have required disclosure. *See In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, No. 21-mc-102, 2014 WL 5757713, at *3 (S.D.N.Y. Nov. 5, 2014) ("Testimony as to facts or opinions formed during a consultation with a patient are admissible absent Rule 26(a)(2) expert disclosures.").

Consistent with the above, Thames may testify as a lay witness to facts and opinions which necessarily require no expert disclosure. *See Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 423 n.2 (M.D.N.C. 2005) ("The failure to identify a witness as an expert does not preclude the witness from testifying as a lay witness."). She may also offer opinions she reached during her consultations with Pinkston.

As quoted above, Pinkston intends to offer testimony on three subjects: (1) the "severity of the side-effects of anti-psychotic drugs;" (2) "Plaintiff's character and mental state before during [and] after the forced injections;" and (3) "other facts proving the merits of Plaintiff's claim." Doc. #288 at 2.

The first category—the general side effects of anti-psychotic drugs—is clearly an expert opinion based on facts beyond those Thames could have observed in any non-retained role. Accordingly, this testimony is properly excluded.[5]

The second category—opinions on Pinkston's character and mental state are likely lay

---

[5] The subject matter of the testimony may, however, be properly judicially noticed. *See Bailey v. Kirsch*, 438 F. Supp. 3d 399, 404 (E.D. Pa. 2020) ("I will take judicial notice that phenobarbital is a powerful barbiturate with significant potential side effects.").

5

opinions which would not have required disclosure of any kind. *See United States v. Diaz*, 637 F.3d 592, 599 (5th Cir. 2011) ("Lay witnesses … may give opinion testimony about a defendant's mental state."); *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 996 (10th Cir. 2019) ("[A] lay witness is competent to testify concerning those … conditions which are susceptible to observation by an ordinary person."); *Johnny v. Bornowski*, No. 10-04008, 2012 WL 2568097, at *4 (W.D. Mo. June 29, 2012) ("His friends and family are prepared to testify about the changes they have seen in Johnny since the accident. To the extent Plaintiff lays the proper foundation at trial, such evidence ought to be admitted."). To the extent Thames intends to testify as to a specific medical diagnoses, such testimony is properly considered an expert opinion[6] and may only be offered to the extent the opinion was based on facts developed in the course of her consultations with Pinkston.

The final category—other facts going to the merits—falls well short of the 26(a)(2) standard. Accordingly, to the extent Thames intends to offer non-lay opinions beyond those set forth in Pinkston's witness list, such testimony would be improper.[7]

### III
### Conclusion

For the reasons above, the motion to strike [286], which is in substance a motion to exclude expert testimony, is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks exclusion of expert opinions other than those formulated during Thames' consultations with Pinkston. The motion is DENIED in all other respects.

---

[6] *See Williams v. Hamilton Cnty.*, No. 1:15-cv-74, 2018 WL 1586234, at *2 (E.D. Tenn. Mar. 31, 2018) ("Lay opinion testimony on a specific medical diagnosis may not be admissible without proper expert support, but lay testimony as to a plaintiff's symptoms generally is.") (collecting cases); *Layton v. Eagle Rock Timber, Inc.*, No. 4:17-cv-00259, 2020 WL 86442, at *7 (D. Idaho Jan. 7, 2020) ("Lay persons can opinion on symptoms, but cannot give diagnoses.").

[7] To the extent Thames will testify purely as to facts, this would of course be proper.

**SO ORDERED**, this 16th day of October, 2020.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
