IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHAZ PINKSTON                                                                                               PLAINTIFF

V.                                                           NO. 4:17-CV-39-DMB-DAS

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.                                                    DEFENDANTS

**ORDER**

On March 30, 2021, this Court, following a four-day evidentiary hearing, issued an order finding that Dr. Hendrick Kuiper, the Medical Director at the Mississippi State Penitentiary hospital, violated the due process rights of inmate Chaz Pinkston when he ordered that Pinkston be forcibly medicated with Haldol and Benadryl. Doc. #341. But because Pinkston failed to establish a causal connection between the injections and the injuries he alleged, the Court awarded Pinkston only $100.00 in nominal damages. *Id*. at 25. The Court entered a final judgment the same day. Doc. #342. On April 12, 2021, Kuiper filed a notice of appeal of the final judgment. Doc. #343.

On or about April 27, 2021, Pinkston filed a motion asking that the judgment be amended to award him litigation expenses under 42 U.S.C. § 1988, costs, punitive damages, and "presumed damages." Doc. #349. The motion is fully briefed. Docs. #350, #351.

**I**
**Jurisdiction**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020). But "[a] district court has jurisdiction to rule on a motion for ancillary attorneys' fees even after the filing

of a notice of appeal with respect to the underlying claims." *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997). A court also retains jurisdiction to consider a request for costs. *Kira, Inc. v. All Star Maint., Inc.*, 294 F. App'x 139, 140–41 (5th Cir. 2008).

However, a court lacks jurisdiction to amend a judgment with respect to damages when that judgment has been appealed. *See Jackson v. Transamerica Occidental Life Ins. Co.*, 149 F.3d 1178 (5th Cir. 1998) (unpublished table decision). When a party seeks to amend a judgment's award of damages, a court may only deny the motion *or* issue an order stating it is "inclined to grant" such relief. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (emphasis omitted).

Thus, to the extent Pinkston seeks expenses and costs, this Court may grant or deny such a motion. To the extent Pinkston seeks additional damages, this Court may deny, or state it is inclined to grant, such a request.

## II
## Costs and Litigation Expenses

A motion for costs or attorney's fees is not a "motion to alter or amend judgment" but instead is a collateral motion brought under Federal Rule of Civil Procedure 54. *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 253 (5th Cir. 2004). While Pinkston grounds his requests for costs and litigation expenses in Federal Rules of Civil Procedure 52 and 59, they are properly deemed as brought under Rule 54. *Id.*

### A. Litigation Expenses

First, Pinkston, citing *Burt v. Hennessey*, 929 F.2d 457 (9th Cir. 1991), and *Jermosen v. Smith*, 733 F. Supp. 13, 14 (W.D.N.Y. 1990), contends he is entitled to reasonably incurred litigation expenses pursuant to 42 U.S.C. § 1988. Doc. #349 at PageID 6464–65. Section 1988 provides, in relevant part, that in a § 1983 case, "the court, in its discretion, may allow the

2

Case: 4:17-cv-00039-DMB-DAS Doc #: 352 Filed: 08/13/21 3 of 6 PageID #: 6497

prevailing party … a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In interpreting this provision, the Ninth Circuit in *Burt* held that while a pro se plaintiff is not entitled to attorney's fees, he is "entitled to recover his actual costs reasonably incurred to the extent that an attorney could have received these costs under a Section 1988 attorney's fees award." 929 F.2d at 459. *Jermosen*, the other case cited by Pinkston, awarded copy and postage expenses to a pro se plaintiff under § 1988, albeit without analysis. 733 F. Supp. at 14.

Both *Burt* and *Jermosen*, however, were decided before the United States Supreme Court's decision in *Kay v. Ehrler*, which held that a pro se lawyer could not obtain attorney's fees under § 1988 because "the overriding statutory concern [of the provision] is the interest in obtaining independent counsel for victims of civil rights violations." 499 U.S. 432, 437–38 (1991). To the extent awarding pro se litigants expenses would likely have the opposite effect than the statute intended, the Court agrees with the Tenth Circuit that "[a]s a matter of law, a pro se litigant is not eligible for a § 1988 fee award." *Robertson v. Biby*, 719 F. App'x 802, 805 (10th Cir. 2017) (pro se litigant not entitled to the costs of secretarial assistance under § 1988).

Even if Pinkston was entitled to expenses under § 1988's fee shifting provision, pursuant to Rule 54(d)(2), a motion seeking attorney's fees must be filed no later than 14 days after the entry of judgment. Pinkston's motion for expenses was filed approximately 28 days after the entry of judgment. Accordingly, the request is untimely. Pinkston's request for expenses therefore will be denied.

## B. Costs

Federal Rule of Civil Procedure 54(d)(1) provides that:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the

3

extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Although Rule 54(d)(1) "does not proscribe a deadline for seeking costs," *Lagarde v. Metz*, No. 13-805, 2017 WL 2371817, at * 3 (M.D. La. May 31, 2017), Local Rule 54(c) requires that a prevailing party file a bill of costs "not later than thirty days after entry of judgment."

Here, because Pinkston's request for costs was filed less than thirty days after entry of the judgment, his request is timely. The question, therefore, is whether he is entitled to the costs he seeks—$241.05 in mailing fees and his initial filing fee of $350.00. *See* Doc. #349-1.

While a pro se litigant may not recover attorney's fees or expenses under § 1988, he may recover costs under Rule 54(d), which authorizes a plaintiff to recover costs as defined in 28 U.S.C. § 1920. *See Sai v. Dep't of Homeland Sec.*, 179 F. Supp. 3d 128, 134 (D.D.C. 2016). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Pursuant to the language of § 1920, Pinkston is entitled to recover his $350.00 filing fee, which is a fee of the clerk. *CarMax Auto Superstores, Inc. v. StarMax Fin., Inc.*, 192 F. Supp. 3d 1279, 1287 (M.D. Fla. 2016). But he is not entitled to recover his mailing expenses. *Alexander Mfg., Inc. Emp. Stock Ownership & Tr. v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1176–77 (D. Or. 2010). Accordingly, his request for costs will be granted in part and denied in part.

### III
### Damages

Pinkston, pursuant to Rules 52 and 59, seeks reconsideration of the $100.00 nominal damages award. Doc. #349. Specifically, he argues that the award should be increased under the "presumed damages" doctrine because he requested $400,000 in his amended complaint and because he is otherwise entitled to punitive damages. *Id*. at PageID 6465–67.

Federal Rule of Civil Procedure 52(b) provides that, following a bench trial, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." The purpose of this rule "is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petrol. Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). Similarly, "a motion to alter or amend [a] judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *T.B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (cleaned up).

A § 1983 plaintiff may recover under the doctrine of presumed damages, which applies "[w]hen a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310–11 (1986). Such damages are a substitute for actual compensatory damages. *Id*. at 310. However, a prerequisite for application of this doctrine is that a plaintiff establish that the claimed injury *likely occurred*. That is, Pinkston must be able to show that he *likely* suffered an injury from the shots. For the reasons

5

stated in this Court's March 30 order, this Court concludes that he did not make such a showing. Accordingly, the presumed damages doctrine does not entitle Pinkston to relief.[1]

As to the claim for punitive damages, a trier of fact "may award punitive damages in a § 1983 action when an official's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights." *Cowart v. Erwin*, 837 F.3d 444, 455 (5th Cir. 2016) (cleaned up). In seeking punitive damages, Pinkston seems to rely on the fact of the forcible medication itself. Doc. #349 at 2–3. But not all forcible medication claims justify punitive damages. *See Marion v. LaFargue*, 186 F. App'x 96, 96–97 (2d Cir. 2006) (in forcible medication case, affirming refusal to submit punitive damages issue to jury). And Pinkston has pointed to nothing in the record which would tend to show that Kuiper acted with evil intent or reckless indifference when he ordered Pinkston to be forcibly medicated. Accordingly, Pinkston is not entitled to punitive damages.

## IV
### Conclusion

Pinkston's post-judgment motion [349] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent Pinkston seeks costs to be assessed against Kuiper in the amount of $350.00 for his filing fee in this case. It is DENIED in all other respects.

**SO ORDERED**, this 13th day of August, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent Pinkston argues the damages demand in his amended complaint somehow supports an increased damages award, such argument must fail. As this Court observed in its March 30 order, Pinkston bore the burden of establishing his claims by a preponderance of the evidence at his hearing. Doc. #341 at 1–2 (citing *Colon v. Schneider*, 899 F2d 660, 672 (7th Cir. 1990)). He did not introduce his amended complaint at the hearing. Even if he had, a demand for $400,000 would not have established the requisite causal connection between his claimed injuries and the forcible medication.

6